**THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**CARMEN G. PERREIRA SATIAGO**<br>BOX 5203<br>CAROLINA, PR 00984<br>xxx-xx-2487<br><br>**DEBTOR (s)** | **CASE NUMBERS: 11-00661 ESL**<br><br>**CHAPTER 13**<br><br>***ASSET CASES*** |

**INFORMATIVE MOTION**

**TO THE HONORABLE COURT:**

**NOW COMES** debtor through the undersigned attorney and very respectfully informs as follows:

**1.** Effective immediately, the office procedure in the subscribing attorney's office has been permanently modified to consolidate in one office appointment, prior to the filing of the petition, the legal review of the file and the petition together with the client's face to face meeting in preparation for the 341 Meeting of Creditors. Additionally, the previous established office procedure of calling me at my personal cell phone after the paralegal conducts a initial prospective client information intake interview, to brief me on the interview and for me to provide legal advice to the prospective client will be reinstated. This change is limited to cases, such as the present case, in which I delegated to my office paralegal the initial prospective client information intake interview and only in cases where I have not intervened with the client during the processing of the case.

**2.** This is done in response to attorney, Osmarie Navarro, of Alejandro Oliveras, Chapter 13 Trustee's office request at the 341 meeting of creditors in the instance case. The 341 meeting of creditors was schedule for the morning of March 8, 2011. Attorney, Osmarie Navarro questioned debtor as to whether she had been interviewed by me before the filing of the petition. She testified that she was legally advised by me on February 11, 2011 prior to that only a paralegal assisted her in the filing process. Attorney, Osmarie Navarro wrote the comment: "this means no legal advice prior to filling" and added that counsel accepted the fact and will move the Court to address this issue. That same morning the 341 meeting of creditors in the case of debtor Mildred Pagán Lancara, case number 11-00659-BKT, was conducted in the same manner. Mrs. Pagán declared that she was not legally advised by counsel prior to filing. Attorney, Osmarie Navarro, added, that counsel accepted the matter and stated that he will restructure the practice; counsel will move the court to address this matter. Immediately after the 341 meeting of creditors, attorney, Osmarie Navarro, indicated to me that her main interest was for me to modify the office procedure and not to reduce attorney's fees or to request sanctions. On that same day, there were three additional 341 meeting of creditors scheduled for the afternoon: case number 11-00743-SEK, case number 11-00705-ESL and case number 11-00671-BKT. Attorney, Miriam Salwen, also of the office of Alejandro Oliveras, interrogated the three debtors as to weather they had been counseled by me prior to the filing of the petition. The three debtors answered that they had been counsel by me prior to the filing of the petition. This to state with candor, that I accept that prior to March 8, 2011 in some cases during the process before the filing of the petition the process was not done solely by me. I am under the impression that the office of Alejandro Oliveras

Rivera is opposed to any Bankruptcy filing in which there is no "face to face meeting" of the debtor with the record attorney. The fact is that in all of my cases I conduct a written legal review, corrections analysis and approval of the file and the petition including the exemptions and the plan prior to the filing of the case and that the process is repeated with the client after the filing. This motion is in part to clarify our office procedure prior to March 8, 2011.

**3.** I have met with my client, Carmen Pereira to inform her of the prospective changes in our office procedure and the enforcement of the already established office procedure to ensure that future cases will be legally reviewed by me, in their presence prior to the filing of the case, so that the situation that happened in her case does not happen again. See attached sworn statement. I also met with my paralegals to inform them of the new procedure in the office and to reinstate what had previously been our office procedure.

**4.** I feel compelled to also inform this Honorable Court as follows:

**a.** As per my review and analysis of the initial prospective client information intake interviews conducted in both of my offices during 2010 it comes to light that the majority of them are conducted by me personally. Of those less than 1/2 file for bankruptcy. The established protocol, designed by me, for the initial prospective client information intake interview in my office is divided in to five areas: we start with seven preliminary questions. These questions are after an initial mandatory reading. First, the three basic concepts of Bankruptcy Law. In this first general explanation we integrate debtor's duties and obligations. Second, we inquire into their economic situation. Third a course of action is recommended pending my final written approval. Fourth, we explain the office internal procedure. Lastly we explain the Court procedure. This is further explained in great detail by me in the pre 341 client preparation meeting now prior to the filing of the case. Additionally, we provide a breakdown of services, costs and a list of required documents needed prior to filing. All subject to my

final written approval. I am prepared to further explain the office procedures of my law practice. For the purpose of this motion, I do not see necessary to burden the Honorable Court with excessive details that could enter into the attorney-client privilege which at this time I am not waving.

**b.** Of the initial prospective client information intake interviews, that follow a strict format designed by me, conducted by my personally trained and daily supervised paralegal, who have been working full time in my office for the past 9 years, the filing process continues only after my written legal review, corrections analysis and approval of the file and the petition, including the exemptions and the plan. Please see Exhibit I. It is important to respectfully point out, that routinely, in many instances, in many of these cases I personally intervene directly, personally and over my personal cell phone, with my clients at the different stages of the process in the office. I also directly intervene with my clients anytime questions arise beyond the scope and authority of the trained paralegal.

**c.** My personal cellular phone number and my email address are available to all my clients during all stages of the process. They appear in my business cards and are publicly available. Please see exhibit II.

**d.** As per the attached document, my clients are fully informed and consent to the use of paralegals in my office. Please see Exhibit III. It is made clear to them that cases are accepted and filed only after my legal written review, correction and analysis of the file and the petition, including the exemptions and the plan which in many instances provoke questions that the client's have to answer in order to clarify issues raised in the legal review.

**e.** Prior to the 341 meeting of Creditors, now prior to the filing of the case, when I do my final legal review, corrections and analysis of the file and the petition, including the exemptions and the plan, clients meet with me at the office, directly, personally face to face, to prepare for the 341 Meeting of Creditors.

**f.** I personally attend all my 341 meeting of creditors and Court hearings. Throughout the entire process periodically both at the office and in Court we review with our clients checklists that ensure, their compliance with their duties and obligations at all times.

**g.** I have personally met with Debtor, Carmen Pereira Santiago. She has personally informed me that she is satisfied with our service, that she is and has been aware of the use of paralegals, as well as of my availability at all times, also that I legally reviewed her case prior to filing it with the Court.

5. We appreciate, Alejandro Oliveras' office constructive criticism of our office procedure, reason why we to acquiesce to this request. I am filing this motion to clarify any concerns the office of Alejandro Oliveras may have. It has been our analysis and interpretation that the appearing attorney is ultimately responsible for all the work performed in his office irrespective of to who the attorney delegates routine tasks for which he is fully responsible. It is important to recognize that there is always room for improvement in an already client service driven practice. The established office procedures sometimes may not be perfect, however our strive for perfection, is evident. The fact is that all cases are important specially in a jurisdiction where many attorneys practice bankruptcy law. However it is also a fact, that some cases are more complicated than others and therefore require more time and expertise while others tend to be more of a ordinary and routine nature.

6. It is of extreme importance for this subscribing attorney to explain to this Honorable Court, and for this Honorable Court to understand participation of paralegals in my office. Paralegals organize and prepare drafts. I handle all the analytical legal matters. They interview clients to obtain information to draft petitions. They are prohibited from giving legal advice or setting fees. They do preparatory work, they investigate, assemble data, they assist me to carry the matter to a complete product. I retain all decision process, the analysis and approval. Their tasks are lost when they merge into my work product. Being a solo practitioner, it comes to reason that having a volume routine practice; I must relay on paralegals to a certain extent to make my practice more economical and efficient. I maintain a direct relation with my clients, in full compliance with ethical considerations.

My clients get and feel my personal expertise. I supervise the delegated work of my paralegals, for which I am ultimately responsible. I fully and consciously accept and exercise my responsibility regarding my paralegal. I monitor their conduct. I ensure that I have effective measures that provide adecuate assurance that their conduct at all times is compatible with my professional obligation. My clients are advised and consent in writing to the use of paralegals. The paralegals are instructed to make sure that my clients know that they are not admitted to practice law. My paralegals are authorized only respond to specific questions, which I have repeatedly trained them to answer. They are instructed to decline answering any question for which they have not been trained. They are to consult with me or refer the questions directly to me. My responsibility is entirely to the client.

**WHEREFORE**, it is respectfully requested from this Honorable Court to take notice of the above mentioned.

**CERTIFICATE OF SERVICE:** I hereby certify that a copy of this motion was electronically filed by debtor using the CM/EDF System which will send a notification to the standing Chapter 13 Trustee. In addition, a copy of this motion was sent by debtor's attorney to the debtor at the address of record.

**RESPECTFULLY SUBMITTED**

**IN CAROLINA, PUERTO RICO, MARCH 21, 2011.**

  /s/Ramón F. López, ESQ
**RAMÓN F. LÓPEZ, ESQ**
**USDCPR 203813**
**ATTORNEY FOR DEBTOR**
**PO BOX 34173**
**FORT BUCHANAN, PR 00934**
**TEL: (787) 276-0196**
**FAX: (787) 276-8056**
**EMAIL: rlrcar@caribe.net**

SWORN STATEMENT UNDER PENALTY OF PERJURY

I, Carmen G. Pereira Santiago, petitioner in Bankruptcy case #11-00661, in the Bankruptcy Court of Puerto Rico represented by Attorney Ramón F. López , do solemnly declare as follows:

a. During my initial information intake interview with attorney, Ramón F. López's paralegal, I was given the option to be interviewed personally by attorney, Ramón F. López. I agreed to be interviewed by his paralegal. The paralegal informed me that she was not an attorney, that she was only authorized to answer certain questions. That if a question arrised that she had not been trained to answer she was to call the attorney or refer the question to him.
b. I was also informed that my attorney, Ramón F. López, was available at any time I wanted an appointment with him in person or via telephone, including during the initial information intake interview, or during any part of the process of the case in the office.
c. During the delivery of documents appointment, I was given reading material in Spanish pertaining to the paralegal use, functions, and limitations in Ramón F. López Law office. I read it and understood it. It confirmed what had been previously stated to me.
d. I was informed that all the information provided by me in the initial information intake interview was to be review by attorney, Ramón F. López, prior to the filing of the case. I understand this happened.
e. At the conclusion of my third appointment the closing appointment a fifteen item list was reviewed with me.
f. On February 11, 2011 I meet with attorney Ramon F. Lopez in his office to prepare for the 341 Meeting of Creditors. He attended the meeting with me.
g. I received a letter from attorney Ramon F. Lopez Law Office telling me that after the 341 Meeting of Creditors on March 8, 2011 at 1pm I had an appointment in the office.
h. I am satisfied with the services I have received from attorney, Ramón F. López personally and from his office personnel.
i. Attorney, Ramón F. López, has met with me and explained to my satisfaction the situation in my case, the reason why my 341 meeting of creditors was continued and the corrective measures he has implemented in his office

In Carolina, Puerto Rico, this 15 day of March 2011.

Carmen G. Pereira Santiago

NOMBRE DEUDOR: Carmen Pereira  FECHA: [illegible]

FALTA: Statement of S.S ____ Certificate ____ Notice to Individual ____

A. File: AAMM : ok
IT : ok

B. Plan: Dch13 : ok

I. Payment Plan:

II. Disbursement:

III. Att Fee's:

IV. Other:

C. Mean Test:

I. Income:

II. Commitment Period:

III. Application for Determining Disposable Income:

IV. Deductions Allowed:

V. Determination of Disposable Income:

D. Petition:

| | | | |
|---|---|---|---|
| See Notes in... | | Schedule D | ___ |
| 2016 | ___ | Schedule E | ___ |
| Voluntary Petition | ___ | Schedule F | ___ |
| Exhibit D | ___ | Schedule G | ___ |
| Schedule A | ✓ ok | Schedule H | ___ |
| Schedule B | ___ | Schedule I | ___ |
| Schedule C | ___ | Schedule J | ___ |
| | | SOFA | ___ |

E. Miscellaneous: ~~[illegible]~~ [illegible]
si se puede estudio de [illegible] y cert de [illegible]
~~[illegible]~~

[illegible]
Sobra 573
[illegible]

Ramón F. López Law Offices, PSC

**Attorney and Counselor at Law**
**Former Ch 13 Bankruptcy Trustee**

**P.O. Box 34173**
**Fort Buchanan, Puerto Rico 00934**
**Tel. 787-754-6681 · 787-367-8483 · Cel. 787-536-4214**
**rlrcar@caribe.net**

**BOLETIN INFORMATIVO SOBRE LA UTILIZACION DE PARALEGALES EN LA OFICINA DEL LICENCIADO RAMON F. LOPEZ EX-SINDICO DE CAPITULO 13**

La oficina del licenciado Ramón F. López representa un número sustancial de personas ante el Tribunal Federal de Quiebras. En la práctica de Quiebras se utilizan profesionales paralegales, entrenados por el Ledo. López. La experiencia nos ha enseñado que los problemas financieros envuelven asuntos de naturaleza repetitiva. Esto nos permite responder a muchas situaciones, ofreciendo una guía equitativa de opciones. Dependiendo de sus circunstancias, una de estas opciones pueden ayudarle a resolver sus problemas financieros. La utilización de paralegales nos permite proveerle la información más rápida, eficiente y económica.

Para su protección, ninguna decisión que usted tome u opción que usted escoja, basándose en información suministrada por usted, a uno de nuestros paralegales, será considerada como final, hasta ser revisada y aprobada por el Lcdo. López.

Se le advierte que es ilegal para un paralegal u otro abogado no revalidado el ofrecer consejo legal ejerciendo un criterio legal independiente. Todos nuestros paralegales tienen instrucciones de referir al Lcdo. López las preguntas que requieran ejercer un criterio legal independiente. No es ilegal para un paralegal, trabajando bajo la supervisión directa del Lcdo. López, el repetir para su beneficio, respuestas ya formuladas, aprobadas y verificadas por el Lcdo. López. Su repetición por nuestro personal, no significan que ellos ejerzan un criterio legal independiente, sino que meramente ellos actúan como representantes del Lcdo. López.

Para su protección todo nuestro personal es continuamente supervisado y adiestrado por el Lcdo. López. Se le exige una conducta compatible con las normas profesionales de los abogados, incluyendo el deber de preservar la confidencialidad de la información compartida. El Lcdo. López es responsable por el trabajo que delega y la calidad de servicio que se le provee a usted.

Todos nuestros paralegales están capacitados para manejar los deberes que le son asignados, sin embargo, como en cualquier lugar de trabajo, la experiencia, conocimientos y destrezas varían de persona en persona. Por lo tanto es posible que durante las diferentes etapas de su caso, usted sea referido a diferentes paralegales, dependiendo del nivel de experiencia, conocimiento y destreza necesarias para atender sus asuntos.

Le exhortamos a que usted dirija cualquier pregunta a uno de nuestros paralegales. Usualmente esta es la manera más rápida y eficiente para obtener la respuesta que usted necesita. Si un paralegal u otro personal no puede contestar su pregunta, es la responsabilidad de éste referirle a alguien que pueda hacerlo, sea un paralegal con más experiencia o el propio Lcdo. López. Según las necesidades que surjan, un abogado estará disponible en persona o a través del teléfono para atender sus preocupaciones.

Puede estar seguro, que durante todo el proceso, su caso será supervisado por el Lcdo. López, el revisará toda la documentación final antes de ser radicada en el Tribunal Federal de Quiebras. En adición, el Lcdo. López u otro abogado experimentado estará presente para representarle en todas las vistas o asuntos oficiales del Tribunal Federal de Quiebras.

Firma del Cliente: [signature] — Fecha: 1/13/2011

Firma del Cónyuge: ____________ — Fecha: ____________

**11-00661-ESL13** CARMEN GLORIA PEREIRA SANTIAGO
**Case type:** bk **Chapter:** 13 **Asset:** Yes **Vol:** v **Bankruptcy Judge:** ENRIQUE S. LAMOUTTE INCLAN
**Date filed:** 01/31/2011 **Date of last filing:** 03/14/2011

# Creditors

| | |
|---|---|
| **BPPR**<br>PO BOX 362708<br>SAN JUAN, PR 00936 | (3154221)<br>(cr) |