IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                    :        CASE NO.  11-00661(ESL)

CARMEN G. PEREIRA SANTIAGO               :        CHAPTER 13

                                          :        FILED & ENTERED

        Debtor                           :        MAY   3 2011

_____          :

U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

OPINION AND ORDER

        This case is before the court upon the Chapter 13 trustee's request to rule on whether or not an attorney filing a bankruptcy petition must meet with the individual prospective debtor before filing the petition and whether the prepetition interview is necessary to establish an attorney-client relationship. The relevant facts are not in controversy and the attorney for the debtor agrees with the trustee's position that a face to face meeting between the attorney and the client before filing the petition is necessary. The attorney before the court has expressly informed that his office practice has been modified to comply with the requirement of personally meeting with the client before filing the petition. The ultimate issue pending is the court's imprimatur of what is the conduct expected of attorneys appearing before it.

FACTUAL AND PROCEDURAL BACKGROUND

        On January 31, 2011 the debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code.  The court scheduled the 341 meeting of creditors for March 8, 2011.  The presiding officer at the 341 meeting of creditors questioned the debtor as to whether she had been interviewed by her attorney prior to filing the bankruptcy petition. The debtor answered that she had been legally advised in person by her attorney on February 11, 2011, that is, after the filing of the petition but before the 341 meeting of creditors.  The presiding officer noted that there had not been legal advice prior to filing and informed the attorney of the trustee's position that there should be a face to face meeting between the attorney and the client prior to filing the bankruptcy petition.

        On March 21, 2011 the debtor's attorney filed an informative motion accepting with

professional candor that "prior to March 8, 2011 during the process before the filing of the petition the process was not done solely by me." The attorney informed on his office procedures, which always included a personal interview before the 341 meeting of creditors but in some cases there was not a personal interview before filing the bankruptcy petition as this was done by his "personally trained and daily supervised paralegal." The critical intervention of paralegals, particularly for solo practitioners, was detailed. The attorney informs that all cases were personally reviewed by him prior to filing.

The Chapter 13 trustee stated his position on the debtor's attorney's informative motion. The trustee highlights several guidelines in the Consumer Bankruptcy Law and Practice Manual which tend to support the office practices conducted by the debtor's attorney in this case. The trustee does not subscribe to practices which, albeit economically efficient, accept supervision by the attorney of work performed by non-attorney legal employees for which the attorney is ultimately responsible, as a substitute to a face to face interview with the client prior to filing the bankruptcy petition. The trustee states that in order to provide competent advice, as required by Rule 1.1 of the Model Rules of Professional Conduct[1], an interview with the client should be held as a pre-condition to establishing an attorney-client relationship. Two recent cases are cited in support of the trustee's position: In re Tran, ___ BR ___, 2011 WL 1043898, (9th Cir. BAP 2011) and In re Harps, 2011 WL 309059, USDC S.D. Ill. Jan. 28, 2011 .

The attorney replied distinguishing the decisions in In re Tran and In re Harps to the facts of this case. The attorney further states that the face to face interview should not be required prior to the client submitting all the documentation necessary to filing the bankruptcy petition.

DISCUSSION

The legal profession is largely self-governing. See Preamble to Model Rules. Such autonomy carries special responsibilities. However, ultimate authority over the legal profession is vested upon

---

[1] Local Rule 83.5(a) of the Local Rules of the United States District Court for the District of Puerto Rico establishes that the Model Rules of Professional Conduct (Model Rules) adopted by the American Bar Association, as amended from time to time, will govern the conduct of attorneys appearing before said court and the U.S. Bankruptcy Court for the District of Puerto Rico.

the courts. Courts have a duty to uphold and enhance the image of justice. Such authority and responsibility are the basis for the court's inherent power to oversee the conduct of attorneys appearing before them. Chambers v. NASCO, Inc., 501 U.S. 32, 43-45 (1991); In re Nguyen, ___ B.R. ___, 2011 WL 1043898, pg. 9, (9th Cir. BAP). The enforcement of ethics is necessary to preserve the decorum of the court and the respectability of the legal profession. Ex parte Burr, 22 U.S. 529, 530 (1824).

Consumer bankruptcies generally involve debtors whose estates are small. Thus, the economics of handling the same is critical to providing access to the benefits afforded by the Bankruptcy Code. The use of paralegals is an essential element to providing cost efficient bankruptcy services to the community. 3 Legal Malpractice § 25:4 (2011 ed.). The problem rises when a nonlawyer provides the legal services directly.

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) introduced strict measures on the conduct of consumer debtors' attorneys as "debt relief agencies." See 11 U.S.C.A. §§ 101(3), (4A), and (12A). Attorneys who provide bankruptcy assistance[2] to an assisted person[3] in return for payment are a debt relief agency within the meaning of section 101(12A) of the Bankruptcy Code[4]. Milavetz, Gallop & Milavetz, P.A., et al., v. United States, 130 S.Ct. 1324, 1332 (2010). Bankruptcy assistance, including the legal representation with respect to a case or proceeding, "may be provided only by attorneys." Milavetz, Gallop & Milavetz, P.A., et al., v. United States, 130 S.Ct. at 1332.

The bankruptcy attorney as a debt relief agency must provide the client, as an assisted person,

---

[2] The term "bankruptcy assistance"is defined by § 101(4A) as "any goods or services sold or otherwise provided to an assisted person with the express or implied purpose of providing information, advice, counsel, document preparation, or filing, or attendance at a creditors' meeting or appearing in a case or proceeding on behalf of another or providing legal representation with respect to a case or proceeding under this title."

[3] An assisted person is defined by § 101(3) as "any person whose debts consist primarily of consumer debts and the value of whose non-exempt property is less than $175,750."

[4] A debt relief agency is defined by § 101(12A) as "any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration, or who is a bankruptcy petition preparer under section 110."

with all the protection and rights set forth in 11 U.S.C.A. §§ 526 to 528. Section 526(a) and 527(a) provide specific prohibitions and responsibilities on the conduct of a consumer bankruptcy attorney, particularly with respect to the services to be provided and the statements to be included in documents filed with the bankruptcy court. 1 Bankruptcy Desk Guide § 2:55.

Section 526(a) prohibits attorneys meeting the definition of a debt relief agency from advising any assisted person or prospective assisted person from providing untrue and misleading statements. Such services may not be delegated to nonlawyers. Section 527(a)(2) requires that a debt relief agency (attorney) advises the assisted person (debtor or prospective debtor) of certain filing and disclosure requirements. These requirements are: (A) advise an assisted person that all required information mandated to be provided with the petition and thereafter must be complete, accurate and truthful; (B) advise an assisted person that all assets and liabilities must be completely and accurately disclosed in the documents filed to commence a bankruptcy case; (C) advise an assisted person that current monthly income, the amounts specified in section 707(b)(2) and disposable income in a chapter 13 case as determined in accordance with section 707(b)(2) must be stated after reasonable inquiry; and (D) advise an assisted person that information provided during the case may be audited and that failure to provide such information can result in dismissal or other sanctions, including criminal sanctions. Considering the broad and strict requirements in sections 526(a) and 527(a), as well as the serious consequences of failing to comply with the same, it is necessary that the attorney provides the services directly to the client as an assisted person. The direct provision of legal assistance by the attorney does not preclude the support from nonlawyers. However, nonlawyers may not provide directly to the assisted person the services outlined above.

Prepetition counseling is a critical and an integral part of bankruptcy assistance. "Attorneys must explain the benefits, burdens, and consequences of bankruptcy to their clients to the extent reasonably necessary to permit informed decisions about the case." 9 William L.Norton Jr., Bankr. L. & Prac. 3d § 172.25. Clearly, such a legal advice may only be provided by an attorney. Therefore, attorneys providing bankruptcy assistance must conduct a face to face meeting with their clients prior to filing a bankruptcy petition. The time spent by the attorney with a prospective debtor depends on the particular complexities of the case. See In re Nguyen, at page 10, wherein the court required the

attorney to meet for at least one hour.

Section 528 of the Bankruptcy Code imposes several duties on debt relief agencies with respect to retainer agreements. Section 528(a) provides that a debt relief agency shall provide an assisted person a written contract within five days after the first date any bankruptcy assistance services are provided and prior to the filing of the petition. The written contract must explain clearly and conspicuously the services to be provided and the fees or charges for such services. Allan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy, ¶ 528.01 (16thed. 2010). Since the contract must describe the services to be provided and fees to be charged, and must be provided prior to the filing of the petition, it follows that the contracting parties (attorney and prospective debtor) must meet and agree to the terms of the contract prior to the filing of the petition.

The provisions in § 528 concerning retainer agreements are statutory. As such, they are mandatory, albeit complimentary to any contractual or ethical obligation. The attorney-client relationship is consensual as it arises by reason of an agreement between the parties, and is governed by the law of contracts. However, the relationship between an attorney and a client is fiduciary in nature and based on trust, confidence and good faith. 23 Willinston on Contracts § 62:1 (4th ed.). The attorney and client relationship in Puerto Rico is a *sui generis* nature and is inextricably related to the canons of professional ethics. Dominguez Wolff v. Badillo Rivera, 2006 WL 2385434, (P.R. Ct. App. June 28, 2006). The court finds that retainer agreements in bankruptcy must comply with section 528, are held to a higher standard than conventional contracts, and are subject to applicable codes of professional responsibility.

CONCLUSION

This court concludes and finds that an attorney, as a debt relief agency, must provide face to face legal advice to a client, as an assisted person, prior to the filing of the petition and at every critical stage of the bankruptcy proceedings. The court declines to state or prescribe how attorneys may structure their respective offices and practices to provide such services. Generally, ethics is a matter of choices. Attorneys are responsible for their actions. However, their actions must comply with all ethical and statutory responsibilities.

The decision in this case is meant to coerce future compliance and not to sanction or

compensate for damages suffered by the client or assisted person.

SO ORDERED.

In San Juan, Puerto Rico, this 2nd day of May 2011.

_____
ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge